## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**JAMES YOUNG**                                                              **PLAINTIFF**

**V.**                          **CASE NO.: 3:16-CV-03071**

**DAVID ETHREDGE, Prosecuting
Attorney, Harrison Office, Boone
County; DEPUTY JONES, Investigator/
Detective, Boone County Sheriff's Office;
and INVESTIGATORY MICHAEL EDDINGS,
Sex Offender Detective, Boone County
Sheriff's Office**                                                          **DEFENDANTS**

### OPINION AND ORDER

This is a civil rights case filed by the Plaintiff James Young under the provisions of

42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* He is incarcerated in

the Boone County Detention Center (BCDC).

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915,

to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court

must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Plaintiff traveled to Arkansas

on February 1, 2016, to help his family cut trees. Detectives Jones and Eddings came to

the house and asked questions about Plaintiff not registering as a sex offender. Plaintiff

told the detectives he was not required to register at all.

1

Plaintiff was put under arrest for failure to register and on a warrant out of Oklahoma. Plaintiff does not believe he was served with the warrant. Plaintiff was transported to the BCDC and booked in. Plaintiff believes his constitutional rights have been violated by this conduct. Plaintiff seeks monetary damages.

The only place in the Complaint (Doc. 2) that Plaintiff mentions Prosecuting Attorney David Ethredge is by listing him as a Defendant. There is no mention of Mr. Ethredge in the statement of the claim.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims against David Ethredge are subject to dismissal. First, Plaintiff fails to mention Defendant Ethredge in the statement of claims and makes no allegations against him anywhere in the Complaint. Second, the prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case. This immunity

2

extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors were entitled to absolute immunity from suit).

No cognizable claim is stated against Defendant Ethredge.

## III. CONCLUSION

The Complaint as against Prosecuting Attorney David Ethredge fails to state a cognizable claim under § 1983 and is frivolous. Therefore, the claims against David Ethredge are **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim). Claims against the remaining Defendants will remain for further disposition.

**IT IS SO ORDERED** on this ___ 8 ___ day of August, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3